IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

ROBERT ISSAC HORSLEY                                                    PLAINTIFF

VS.                                            CIVIL ACTION NO : 1:12CV273-SA-DAS

CAROLYN COLVIN, Acting Commissioner
Social Security Administration                                          DEFENDANT

MEMORANDUM OPINION

This case involves an application pursuant to 42 U.S.C. § 405(g) for judicial review of the decision of the Commissioner of Social Security ("Commissioner") denying the application of the claimant Robert Issac Horsley for disability benefits. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Fifth Circuit.

After consideration of the briefs of the parties and argument made before the court on February 5, 2014, the court finds that this case should be remanded to the Social Security Administration.

1. PROCEDURAL AND FACTUAL HISTORY

On December 8, 2009, Robert Horsley filed his application for a period of disability and disability insurance benefits, alleging onset of disability on November 15, 2009. After the applications were denied at the lower levels, a hearing was held before an administrative law judge (ALJ) on November 3, 2011. An unfavorable decision was issued on November 12, 2011. Horsley's date last insured was December 31, 2011.

Mr. Horsley was fifty-two years old on the alleged date of onset. He was fifty-four years and about seven and one-half months of age at the time of the ALJ's decision. He has a limited education, having failed to complete high school. The ALJ found his sole severe impairment is a

back disorder. Mr. Horsley testified he could perform a wide range of activities of daily living, but that he could not perform them on a sustained basis because of the resulting pain. The ALJ found him a credible witness, except to the extent that his testimony was inconsistent with her finding a residual functional capacity (RFC) to perform a limited range of light work. The ALJ found Horsley could lift, carry, push and pull a maximum of twenty pounds occasionally and ten pounds frequently. He could stand and walk six hours of an eight-hour day, and sit six out of eight hours in a workday. The ALJ found Horsley could occasionally balance, stoop, crouch, kneel or crawl.

The ALJ only considered Medical Vocational Guideline Rule 202.11, 20 C.F.R. Pt 404, Subpt P, App. 2, which addresses individuals "closely approaching advanced age," – persons fifty to fifty-four years old. The vocational expert (VE) testified that Horsley could not return to his past relevant work experience, but that there were other jobs in the national economy which he could perform. Accordingly, the ALJ found Horsley was not disabled. On November 13, 2012 the Appeals Council denied Horsley's request for review.

## 2. LAW AND STANDARD OF REVIEW

In determining disability, the Commissioner, through the ALJ, works through a five-step sequential process.[1] The burden rests upon the claimant throughout the first four steps of this five-step process to prove disability. If the claimant is successful in sustaining the burden at each of the first four levels, the burden then shifts to the Commissioner at step five.[2] First, the

---

[1] *See*, 20 C.F.R. § 404.1520 (2012).

[2] *Muse v. Sullivan*, 925 F.2d 785, 789 (5th Cir. 1991).

claimant must prove she is not currently engaged in substantial gainful activity.[3]  Second, the claimant must prove her impairment is "severe" in that it "significantly limits her physical or mental ability to do basic work activities...."[4]  At step three the ALJ must conclude the claimant is disabled if she proves that her impairments meet or are medically equivalent to one of the impairments listed at 20 C.F.R. Part 404, Subpart P,  App. 1, § § 1.00-114.02 (2011).[5]  Fourth, the claimant bears the burden of proving she is incapable of meeting the physical and/or mental demands of his past relevant work.[6]  If the claimant is successful at all four of the preceding steps, the burden shifts to the Commissioner to prove, considering the claimant's residual functional capacity, age, education and past work experience, that she is capable of performing other work.[7]  If the Commissioner proves other work exists which the claimant can perform, the claimant is given the chance to prove that she cannot, in fact, perform that work.[8]

This court's review of the Commissioner's decision is limited to an inquiry into whether there is substantial evidence to support the findings of the Commissioner, *Richardson v. Perales*, 402 U.S. 389, 401 (1971), and whether the correct legal standards were applied.  42 U.S.C. § 405 (g.);  *Falco v. Shalala*, 27 F.3d 160, 162 (5th Cir. 1994); *Villa v. Sullivan*, 895 F.2d 1019, 1021

---

[3] 20 C.F.R. § 404.1520(b) (2012).

[4] 20 C.F.R. § 404.1520(c) (2012).

[5] 20 C.F.R. § 404.1520(d) (2012).  If a claimant's impairment meets certain criteria, then claimant's impairments are of such severity that they would prevent any person from performing substantial gainful activity.  20 C.F.R. § 404.1525 (2012).

[6] 20 C.F.R. § 404.1520(f) (2012).

[7] 20 C.F.R. § 404.1520(g)(1) (2012).

[8] *Muse*, 925 F.2d at 789.

(5th Cir. 1990). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Perales*, 402 U.S. at 401 (quoting *Consolidated Edison v. NLRB*, 305 U.S. 197, 229 (1938)). The Fifth Circuit has further held that substantial evidence "must do more than create a suspicion of the existence of the fact to be established, but 'no substantial evidence' will be found only where there is a 'conspicuous absence of credible choices' or 'no contrary medical evidence.'" *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988) (quoting *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983)). Conflicts in the evidence are for the Commissioner to decide, and if substantial evidence is found to support the decision, the decision must be affirmed even if there is evidence on the other side. *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990). The court may not reweigh the evidence, try the case de novo, or substitute its own judgment for that of the Commissioner, *Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988), even if it finds that the evidence preponderates against the Commissioner's decision. *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1994); *Harrell*, 862 F.2d at 475. If the Commissioner's decision is supported by the evidence, then it is a conclusive and must be upheld. *Richardson*, 402 U.S. at 390.

### 3. APPLICATION OF THE GRID RULES

Horsley claims the ALJ erred when she mechanically applied the Medical-Vocational guidelines, commonly called the grids. The guidelines are used when a claimant is found to be unable to return to past relevant work. These rules assist the Social Security Administration with its burden at Step Five to show whether a claimant is capable of significant gainful activity, without the necessity of individualized, expert vocational testimony. Where a claimant's RFC

4

and other vocational factors fall precisely within one of the grids, the rules will dictate either a finding of "disabled" or "not disabled."

The Social Security Administration has recognized through its regulations the adverse vocational impact of advancing age, and the grids reflect this determination. In fact, the age of a claimant may be determinative of the outcome of an application for disability. An older worker may be deemed "disabled" by the grids, where a younger worker, with an otherwise identical vocational profile may be deemed "not disabled." Based on this reality, the Social Security Administration has, by regulation, mandated that the age categories in the guidelines shall not be mechanically applied in borderline situations. 20 C.F.R § 404.1563(a). The regulation provides:

> If you are within a few days to a few months of reaching an older age category, and using the older age category would result in a determination or decision that you are disabled, we will consider whether to use the older age category after evaluating the overall impact of all the factors in your case." *Id.*

The Hallex, the Social Security Administration, Office of Hearings, Appeals and Litigation Law Manual, § II-5-3-2 is instructive. It provides guidance both in identifying borderline situations and in applying the grids in these cases. The Hallex provides an adjudicator should apply a two-part test for identifying borderline age situations. An adjudicator should determine if the claimant's age is within a few days or a few months of the next highest age category, and if so, should then determine whether using the next higher age category results in a decision of "disabled," instead of "not disabled." Horsley was less than five months short of his 55th birthday on the date of the ALJ's decision. This time period is within the range that is considered borderline. *Cox v. Apfel*, 166 F.3d 346 (6th Cir. 1998)(unpublished decision), *Turner v. Astrue*, 2011 WL 2783832 (S.D. Ohio July 11, 2011).

The defendant concedes that Horsley also meets the second part of the Hallex test. If Horsley had been considered in the next highest age group, Medical-Vocational Rule 202.02 would have been applied. Under this rule, because Horsley is limited to light work, has a limited education, past skilled and semi-skilled work experience, but no transferable skills, he would have been deemed disabled.

Finally the plaintiff acknowledges that merely showing he was within a few months of achieving "advanced age," does not automatically move him into the "advanced" category. Rather the Social Security Administration has considerable discretion as to whether it should advance a claimant to the next age group or decide his case based on his chronological age. In other words, while the Administration may not mechanically apply the age categories to the detriment of an individual, an applicant is likewise not entitled to a mechanically favorable application of the age groupings.

Instead the Hallex requires that when the Administration looks to decide whether it should apply the higher age category or the chronological age, the adjudicator shall look to see if there are "additional vocational adversities." Hallex, § II-5-3-2. Additional vocational adversities require "the presence of an additional impairment(s) which infringes upon– without substantially narrowing– a claimant's remaining vocational base." *Id.* The Hallex lists the following as examples of additional vocational adversities: being barely literate in English; having limited ability to communicate in English; and having a work history limited to unskilled work in an "isolated industry or work setting." The Hallex suggests treating additional adversities as a prerequisite to applying the next higher age category.

The fact that Horsley's RFC is less than a full range of light work seemingly meets the definition of an "additional vocational adversity." [9] But the finding of such an adversity does not mandate using the higher age range. Rather the Hallex provides for a sliding scale approach. The more closely the claimant's chronological age to the next higher age category, the less additional vocational adversity is needed to trigger use of the higher age. As the difference between the chronological age and the next age category increases, increasing additional vocational adversity must be shown or the chronological age will be applied.

Horsley argues that the decision shows a mechanical application of the medical-vocational guidelines and the use of the wrong date for establishing age for the purposes of applying the grids. *Varley v. Secretary of Health & Human Services,* 820 F.2d 777, 780 (6th Cir. 1987), *Rikard v. Astrue,* 2009 WL 736210 (N.D. Miss. March 18, 2009).

The defendant argues that the ALJ's decision to decline to apply the next higher-aged grid rules is amply supported by the record. The plaintiff testified to substantial daily activities, which the Commissioner argues are inconsistent with a finding of disability. The defendant also points to the opinions of the vocational expert regarding the availability of jobs within the claimant's assigned residual functional capacity.

The ALJ found that Horsley had the residual functional capacity to perform a less than full range of light work. The ALJ's decision, in pertinent part found: "Claimant was born on March 29, 1957, and was fifty-two years old, which is defined as an individual closely approaching advanced age, on the alleged disability onset date (20 C.F.R. 404.1563 and 416. 963)." After considering his limited education and work history, the ALJ found that if Horsley

---

[9] The plaintiff's obesity may also impact a borderline determination.

were able to perform a full range of light work, he would be deemed not disabled under Medical-Vocational Rule 202.11.

The court is aware of authority that ALJs need not always specifically detail their consideration and rationale for a borderline age determination. *Bowie v. Comm'r of Soc. Sec.*, 539 F.3d 395, 399 (6th Cir. 2008) and that there is also authority to the contrary. *Pickett v. Astrue*, 895 F. Supp.2d 720, 725(6th Cir. 2008) (noting that the Eighth, Tenth and Third Circuits require explicit explanation of a borderline age analysis and that the Sixth, Ninth and Eleventh Circuits have rejected this requirement). This court is hesitant to issue any ruling that would increase the already heavy burdens borne by the ALJs in issuing hearing decisions. However in this case, the court finds that the decision does not demonstrate that the ALJ recognized the case as a borderline age case. While there may be substantial evidence to support the use of the plaintiff's chronological age, there is no indication the ALJ recognized the issue or made any decision as to that issue. The decision does not show that the ALJ exercised her discretion to decline to move the plaintiff into the advanced age category. If the borderline determination was omitted, as appears to be the case here, the grids have necessarily been applied to Horsley in a mechanical manner and therefore in violation of the regulation.

The only clear indication in the decision is that the ALJ acted on Horsley's age as of alleged date for onset of disability. While that is appropriate for the purpose of assessing his disability, *vel non*, at the age of fifty-two, it was not the only age the ALJ was required to consider. Adjudicators are required to use "the age categories that apply to you during the period for which we must determine if you are disabled." 20 C.F.R. § 404.1563 (b). While Horsley's chronological age remained in the "closely approaching advanced age" category

8

through the date of the ALJ's decision, he aged from the mid-point of "approaching advanced age" into the "borderline range" during the pendency of his application. This regulation therefore requires consideration of the plaintiff's age at this later date as well.

Furthermore, case law dictates that the age to be applied in making a grid determination is the age– not at the alleged date for onset of disability– but at the time of the decision. *Walhood v. Sec. of Health & Human Services,* 875 F. Supp. 1278 (E.D. Tex. 1995).

> The relevant inquiry is whether the claimant has the ability to engage in substantial gainful activity. The fact that the claimant is unable to engage in substantial gainful activity at the time of the decision, but may have been able to do so in the past, goes to the question of the onset date, not the question of disability.

*Rikard,* 2009 WL 735210 at *3 (citing *Varley,* 820 F.2d at 780). Because Horsley has "other vocational adversities," that might warrant placement in the advanced age category, the error cannot be said to be harmless. At the least, the ALJ has failed to provide sufficient information to allow meaningful review of the decision. 42 U.S.C. § 405 (g). In this case there is an "evidentiary chasm" regarding whether, or how, the ALJ may have considered Horsley's borderline age. This court finds this chasm "should not be bridged in the name of expediency." *Walhood*, 875 F. Supp. at 1284.

The court also rejects the argument that the testimony of the vocational expert can save the decision. Vocational experts are tasked with determining if there are jobs available within the national economy that can be performed within a claimant's assigned RFC. This testimony does not consider the vocational impact of advancing age. The Medical-Vocational guidelines, to the contrary, incorporate this age factor. Thus, if Horsley is considered as being of advanced age, he has reached the point where Social Security regulations recognizes that "age significantly

9

affects a person's ability to do substantial gainful activity." 20 C.F.R. § 404.1563. This determination dictated under the Medical-Vocational rules is conclusive. 20 C.F.R. § 404.1569.

On remand the ALJ shall consider the case as a borderline age case and explain the rationale for the decision.

## OBESITY

The plaintiff argues that the ALJ erred when she failed to find the claimant's obesity was a severe impairment. The record establishes that Horsley was extremely obese, with a body mass index as high as forty-one. The ALJ's decision does not mention his obesity. Having omitted any discussion of the plaintiff's extreme obesity, the decision is not supported by substantial evidence and the ALJ committed error. On remand the ALJ shall consider whether the claimant's obesity, alone or in combination with his other impairments, is severe. If the ALJ finds that the impairment is not severe, the basis for the finding shall be set out in the decision.

## CONCLUSION

The court finds that the Secretary's decision shall be reversed and the case remanded to the Secretary for further consideration. A judgment consistent with this opinion will be entered accordingly.

This the 24th day of March, 2014.

/s/ David A. Sanders
UNITED STATES MAGISTRATE JUDGE